**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

CHARLES B. HICKS

        Debtor

Case No. 11-32263

ORNL FEDERAL CREDIT UNION

        Plaintiff

v.

CHARLES B. HICKS

        Defendant

Adv. Proc. No. 12-3066

**MEMORANDUM ON
MOTION FOR SUMMARY JUDGMENT**

**APPEARANCES:**    AYERS & PARKEY, ATTORNEYS
        Edward J. Shultz, Esq.
        Post Office Box 23380
        Knoxville, Tennessee 37933
        Attorneys for Plaintiff

        LAW OFFICES OF MAYER & NEWTON
        John P. Newton, Jr., Esq.
        1111 Northshore Drive
        Suite S-570
        Knoxville, Tennessee 37919
        Attorneys for Defendant

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

The Plaintiff filed a Complaint on August 6, 2012, asking the court to award it a judgment in the amount of $222,005.07 plus post-petition and post-judgment interest and attorneys' fees and for a determination that the judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(2) (2006). The Defendant filed Defendant's Answer to Complaint on September 11, 2012, asserting a number of affirmative defenses and denying that the Plaintiff is entitled to a nondischargeable judgment.

Before the court is the Motion for Summary Judgment filed by the Defendant on April 19, 2013, accompanied by a Statement of Undisputed Facts and a memorandum of law as required by E.D. Tenn. LBR 7056-1. Attached to the Motion for Summary Judgment and relied upon by the Defendant are (1) the Affidavit of Charles B. Hicks (Hicks Affidavit); (2) the Affidavit of Danny Schultz (Schultz Affidavit); (3) the Affidavit of Elizabeth Bailey (Bailey Affidavit); and (4) the Plaintiff's Response to Interrogatories and Request for Production of Documents (Plaintiff's Discovery Responses). Additionally, attached to the Statement of Undisputed Facts and not disputed by the Plaintiff are the following exhibits: (A) a Settlement Statement dated July 31, 2007, between Charles B. Hicks as Borrower, Elizabeth Bailey, Trustee, as Seller, and ORNL Federal Credit Union as Lender; (B) a Real Estate Contract - Land (Real Estate Contract) dated July 27, 2007, between Charles Hicks as Buyer and Elizabeth Bailey, Trustee, as Seller, for the sale of 25.40 acres at a purchase price of $500,000.00; (C) a Warranty Deed recorded with the Roane County Register of Deeds on August 2, 2007, between Elizabeth Bailey, Trustee of the Gunnar Schultz Trust, and Charles B. Hicks.

On June 17, 2013, the Plaintiff filed Plaintiff's Response to Defendant's Motion for Summary Judgment (Response), which is supported by a memorandum of law, the Plaintiff's

Response to Defendant's Statement of Undisputed Facts (Response to Statement of Undisputed Facts), and the Statement of Additional Facts.[1]  In further support of its Response, the Plaintiff relies upon (1) the Affidavit of Dan Lovell (Lovell Affidavit); (2) the Defendant's Response to First Set of Interrogatories and Request for Production of Documents (Defendant's First Discovery Responses); (3) Defendant's Response to Second Request for Production of Documents (Defendant's Second Discovery Responses); (4) excerpts from deposition of Charles B. Hicks taken February 9, 2012, in *Wolfenbarger v. Bailey*, Roane County Chancery Court No. 16683 (Hicks Deposition); (5) Schedule G and Declaration Concerning Debtor's Schedules; (6) the Final Judgment entered on July 5, 2012, in *Wolfenbarger v. Bailey* and the Quit Claim Deed to 25.4 acres on Black Oak Road in Roane County, Tennessee, conveyed to the Debtor from William Wolfenbarger on March 16, 2012.

This is a core proceeding.  28 U.S.C. § 157(b)(2)(I) (2006).

**I**

The following facts are not in dispute.  On July 27, 2007, the Defendant entered into a Real Estate Contract with Elizabeth Bailey, Trustee, of the Gunnar Schultz Trust, for the purchase of 25.40 acres located in Roane County, Tennessee (Roane County Property).  STMT. OF UNDISP. FACTS at ¶ 2, RESP. TO STMT. OF UNDISP. FACTS at ¶ 2; EX. B TO STMT. OF UNDISP. FACTS ; HICKS AFF. at ¶ 2; SCHULTZ AFF. at ¶ 2; BAILEY AFF. at ¶ 2; LOVELL AFF. at ¶ 9, EX. 2; PL.'S DISCOVERY RESPS. at ¶ 2.  In conjunction with this purchase, the Defendant completed a Commercial Loan Application

---

[1] Pursuant to E.D. Tenn. LBR 7056-1(c), a respondent may file a statement of additional material facts to which the moving party must respond within fourteen days if disputed.  The Defendant did not respond to the Statement of Additional Facts; therefore, the court deems them to be undisputed.

requesting a $400,000.00 loan and subsequently executed a Promissory Note dated July 31, 2007, in the amount of $400,000.00 in favor of the Plaintiff. LOVELL AFF. at ¶¶ 6, 9, EX. 1; COMPL. at ¶ 5; COMPL. EX. A; ANS. at ¶ 5. As collateral for the Promissory Note, the Defendant granted to the Plaintiff a security interest in the Roane County Property under the terms of a Deed of Trust dated July 31, 2007, which was recorded with the Roane County Register of Deeds on August 2, 2007. COMPL. at ¶ 5; COMPL. EX. B; ANS. at ¶ 5.

The Defendant purchased the Roane County Property on July 31, 2007. Pursuant to the closing documents, including the Settlement Statement, the purchase price paid to the Gunnar Schultz Trust was $500,000.00, consisting of the proceeds from the $400,000.00 loan obtained from the Plaintiff and a $100,000.00 earnest money deposit. STMT. OF UNDISP. FACTS at ¶¶ 1, 4; RESP. TO STMT. OF UNDISP. FACTS at ¶¶ 1, 4; EX. A TO STMT. OF UNDISP. FACTS; HICKS AFF. at ¶¶ 2, 4; SCHULTZ AFF. at ¶¶ 2, 4; BAILEY AFF. at ¶¶ 3-4; COMPL. at ¶ 7; ANS. at ¶ 7. The Settlement Statement was certified as being a "true and accurate statement of all receipts and disbursements" by the Defendant and Ms. Bailey as Trustee for the Gunnar Schultz Trust, and was also executed by a representative of Ayers & Parkey. EX. A TO STMT. OF UNDISP. FACTS. Nevertheless, although the Real Estate Contract stated that the $100,000.00 earnest money was paid by the Defendant to the Gunnar Schultz Trust via personal check and would be held in escrow, the $100,000.00 earnest money deposit reflected on the Settlement Statement was not, in fact, paid by the Defendant or held in trust by the Gunnar Schultz Trust. STMT. OF ADD'L UNDISP. FACTS at ¶¶ 3-4; DEF.'S FIRST DISC. RESPS. at ¶ 1. Thereafter, on August 1, 2007, the Gunnar Schultz Trust made a payment in the amount of $100,000.00 to the Debtor. STMT. OF UNDISP. FACTS at ¶ 5; RESP. TO STMT. OF UNDISP.

FACTS at ¶ 5; SCHULTZ AFF. at ¶¶ 5, 7; BAILEY AFF. at ¶¶ 5-6; COLL. EX. TO DEF.'S FIRST DISC. RESPS.; COMPL. at ¶ 8; ANS. at ¶ 8.

The Defendant's bankruptcy case was commenced on May 9, 2011, by the filing of an Involuntary Petition under Chapter 7 of the Bankruptcy Code, after which an Order for Relief was entered on September 6, 2011. COMPL. at ¶ 4; ANSWER at ¶ 4. At the time of the Involuntary Petition, the Defendant had defaulted under the terms of the Promissory Note, with a balance due of $447,005.07. COMPL. at ¶ 6; ANS. at ¶ 6  After obtaining relief from the automatic stay, the Plaintiff foreclosed its lien on the Roane County Property and, on August 6, 2012, filed the Complaint initiating this adversary proceeding. Pursuant to the Pretrial Order entered on November 7, 2012, the Plaintiff seeks a determination that a foreclosure deficiency in the amount of approximately $222,005.07 as of May 9, 2011, plus interest and attorneys' fees from that date is nondischargeable pursuant to § 523(a)(2)(A), with the issues being (a) whether the Plaintiff is entitled to a deficiency judgment; (b) if so, the amount; (c) whether any amount owed to the Plaintiff is nondischargeable; and (d) whether the Plaintiff complied with all contractual provisions of the loan, note, deed of trust, and state and federal laws when it foreclosed on the real property of the Defendant.

In his Motion for Summary Judgment, the Defendant argues that there is no disputed material fact, that he did not make any material misrepresentations to the Plaintiff, and he is entitled to dismissal of the Complaint. The Plaintiff disputes that the Defendant is entitled to summary judgment, arguing that there is a dispute as to whether the Defendant misrepresented the purchase price to the Plaintiff, which must be determined by the court at a trial of the matter.

## II

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" utilizing the following procedures:

> (1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED. R. CIV. P. 56(c) (applicable in adversary proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy Procedure). When deciding a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

As movant, the Defendant bears the burden of proving that, based upon the record presented to the court, there is no genuine dispute concerning any material fact, such that the claims or defenses alleged are factually unsupported, entitling him to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to the Plaintiff, the nonmoving party, to prove that there are genuine disputes of material fact for trial, although it may not rely solely upon allegations or denials contained in the pleadings because reliance upon a "mere scintilla of evidence in support of the nonmoving party will not be sufficient." *Nye v. CSX Transp., Inc.*, 437 F.3d 556, 563 (6th Cir. 2006); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The facts and all resulting inferences are viewed in a light most favorable to the nonmovant, with the court deciding whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 243, 106 S. Ct. at 2512. Nevertheless, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356 (citations omitted).

Having reviewed the record, including the Motion for Summary Judgment, Response to Motion for Summary Judgment, Statement of Undisputed Facts, Response to Statement of Undisputed Facts, Affidavits with supporting documents, and the pleadings, the court finds that there are genuine disputes over material facts that must be determined at trial, and, accordingly, the Defendant's Motion for Summary Judgment shall be denied.

Under § 523(a)(2)(A), an individual is not discharged from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by [] false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]" 11 U.S.C. § 523(a)(2)(A).  In order to satisfy the requirements of § 523(a)(2)(A), the Plaintiff must prove the Defendant obtained money, property, or services through material misrepresentations that he knew were false or he made with gross recklessness, that the Defendant intended to deceive the Plaintiff, that the Plaintiff justifiably relied on the Defendant's false representations, and that the Plaintiff's reliance was the proximate cause of its losses. *McDonald v. Morgan (In re Morgan)*, 415 B.R. 644, 649 (Bankr. E.D. Tenn. 2009).  In essence, in order for a court to make a determination of nondischargeability under § 523(a)(2)(A), the Plaintiff must prove fraud in the inducement.

The factual disputes in this adversary proceeding – namely, whether the Defendant, together with Mr. Schultz and Ms. Bailey, misrepresented the purchase price of the Roane County Property in order to induce the Plaintiff to make the $400,000.00 loan – cannot be reconciled by the record presently before the court.  While the Affidavits executed by the Defendant, Mr. Schultz, and Ms. Bailey discuss an unwritten and undocumented agreement between the Defendant and Mr. Schultz in which the Gunnar Schultz Trust would pay the Defendant $100,000.00 after the closing in exchange for the Defendant and Mr. Schultz splitting any proceeds realized from the sale of the Roane County Property fifty-fifty, the record also contains contradictory testimony given by the Defendant in a deposition taken on February 9, 2012, in *Wolfenbarger v. Bailey, et al.*, No. 16683, in the Circuit Court for Roane County, Tennessee, during which the Defendant could not recall receiving the $100,000.00 payment, *see* HICKS DEPO., by the Defendant in his First Discovery

Responses that the $100,000.00 earnest money deposit was, in fact, "a credit due Defendant on amounts previously owed to Charles Hicks to be credited as deposit on this transaction[,]" DEF.'S FIRST DISC. RESPS. at ¶ 1, and by the Defendant in his Affidavit, in which he states the following:

> I had been involved in prior financial transactions where I had loaned money to Danny Schultz. At the time I learned that the Trust wanted to sell the property in Roane County, he had a balance owed of $100,000.00 and that loan was still outstanding. In subsequent discussions shortly after the actual closing of the sale on July 31, 2007 and the loan from ORNL Federal Credit Union, the parties arrived at a mutual agreement that the Trust would pay to me the sum of $100,000 after closing the sale purchase that $100,000 would be consideration for a mutual agreement to split any resale profits 50/50. We both viewed this as an investment in the potential equity of the property on resale.

HICKS AFF. at ¶ 3. It is undisputed that the Defendant did not, in fact, make the $100,000.00 earnest money deposit to the Gunnar Schultz Trust that is represented in both the Real Estate Contract and the Settlement Statement, which gives rise to genuine questions as to overall sale transaction with the Gunnar Schultz Trust. STMT. OF ADD'L UNDISP. FACTS at ¶¶ 3-4; DEF.'S FIRST DISC. RESPS. at ¶ 1. Because it is well-settled that issues concerning credibility and intent must be resolved by observing a witness's demeanor and presence on the stand, the court finds that these factual disputes must be resolved at trial. The Defendant's Motion for Summary Judgment will accordingly be denied.

An Order consistent with this Memorandum will be entered.

FILED: January 7, 2014

              BY THE COURT

              /s/ RICHARD STAIR, JR.

              RICHARD STAIR, JR.
              UNITED STATES BANKRUPTCY JUDGE